UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MARK A. JACKSON, | ) |
| Plaintiff, | ) Civil No. 3:19-cv-0005-GFVT |
| v. | ) |
| LAMAN L. STARK, *et al.*, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Defendants. | ) **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Mark Jackson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

# I

In 2015, Carroll Circuit Court Judge Leslie Knight presided over a criminal prosecution charging Jackson with receiving stolen property, burglary, and several counts of theft of mail. In October 2015, Jackson pleaded guilty and was sentenced to six years imprisonment. Judge Knight denied numerous post-judgment motions, requests, and notices filed by Jackson. Jackson last filed documents in that case in August and September 2018, shortly before the Kentucky

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

Court of Appeals dismissed his appeal for failure to prosecute in December 2018. *Commonwealth v. Jackson*, No. 15-CR-00104 (Carroll Cir. Ct. 2015).[2]

While serving that prison term, in October 2018 Jackson was charged with first degree terroristic threatening and being a persistent felony offender in the second degree. Shortly after the case was filed, a public defender was appointed to represent Jackson. Judge Knight then recused and a special judge was assigned to preside over the matter. The case is pending the outcome of an evaluation of the defendant at the Kentucky Correctional Psychiatric Center. *Commonwealth v. Jackson*, No. 18-CR-00181 (Carroll Cir. Ct. 2018).[3]

In the complaint before this Court, Jackson alleges that since late November 2018 Laman Stark, the Carroll County Circuit Clerk, will not immediately file motions that he sends to the Circuit Court because Judge Knight has stated that it causes "alarm" at the court house when they receive mail from Jackson. Instead, Jackson's filings are first sent to the Kentucky State Police (KSP) Post in Campbellsburg, Kentucky for security screening. Jackson complains that this procedure causes two-week delays before his filings are docketed in the circuit court. Jackson contends that this approach constitutes an unlawful search in violation of the Fourth Amendment and hinders his right of access to the courts and violates his rights under the First and Sixth Amendments. [R. 1.]

**II**

Having thoroughly reviewed the complaint, the Court concludes that it must be dismissed for failure to state a claim. Because KSP is a state agency, Jackson's claim against it is barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Caldwell v. Kentucky*

---

[2] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=021&court=1&division=CI&caseNumber=15-CR-00104&caseTypeCode=CR&client_id=0 (last visited on May 14, 2019).
[3] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=021&court=1&division=CI&caseNumber=18-CR-00181&caseTypeCode=CR&client_id=0 (last visited on May 14, 2019).

*State Police*, No. 6: 15-CV-43-DCR, 2015 WL 4397153, at *2 (E.D. Ky. July 16, 2015). State agencies like KSP are also not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Jackson's allegations state no claim under the Fourth Amendment, whether asserted against KSP, Judge Knight or Clerk Stark. An inmate's rights under the Fourth Amendment are quite limited, *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), and legitimate security concerns vitiate the need for prison officials to have probable cause to search an inmate's mail. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). And when Jackson sends documents to the courthouse for filing, he already expects that the envelope containing them will be opened by the clerk and then his submissions will be filed with the court. He does not allege that these expectations have been frustrated; instead, he claims only that the envelope is opened by KSP at the clerk's request instead of opened at the courthouse. The fact that Jackson's mail is handled in a different manner than what he would prefer does not upset his reasonable expectations in privacy in it, as the court clerk has merely transferred the task of screening the mail for security purposes from court security staff to KSP. Because Jackson has no reasonable expectation of privacy in the manner in which his intended recipient chooses to open his mail, this claim must be dismissed. *See United States v. Place*, 462 U.S. 696, 717 n.5 (1983) ("'[T]he mere detention of mail not in [one's] custody or control amounts to at most a minimal or technical interference with [one's] person or effects, resulting in no personal deprivation at all.'" (emphasis added)) (Brennan, J., concurring)); *see also United States v. Demoss*, 279 F. 3d 632, 639 (8th Cir. 2002).[4]

---

[4] Jackson also cannot complain of delay; while the period it allegedly takes KSP to perform a security screening of his mail is not brief, it is not unduly lengthy. More importantly, Jackson does not allege that any prejudice has resulted from the delay. Nor is timeliness a concern: because he is incarcerated, Jackson's submissions are deemed filed when he mails them, not when the court dockets them. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Jackson's complaint also fails to state a claim that he has been denied access to the courts as guaranteed by the First and/or Sixth Amendments. While Jackson complains that this screening procedure hampers his ability to file *pro se* documents in his pending criminal case, as noted above he has been represented by counsel throughout those criminal proceedings. Where a defendant is represented by counsel in his criminal case, his constitutional right of access to the courts in that proceeding is satisfied as a matter of law. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983); *see also Cooper v. Shelby County Justice Center*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) ("Since counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected."); *Wilson v. Porter*, No. 99-1513, 2000 WL 332060, at *2 (6th Cir. March 22, 2000) (same).

### III

After conducting the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A, the Court has determined that Jackson's complaint has failed to state a claim. Thus, the Court must dismiss his complaint in its entirety. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010). Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mark Jackson's complaint [**R. 1**] is **DISMISSED**, with prejudice.
2. The Court will enter an appropriate judgment.
3. This matter is **STRICKEN** from the active docket.

This 17th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge